# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 12-309V

September 5, 2013

Not to be Published

*****************************************

DOROTHY THOMAS,                                    *
                                                   *
          Petitioner,                              *
                                                   *
     v.                                            *          Flu vaccine; stroke 22 days later;
                                                   *          no expert report; motion to dismiss
SECRETARY OF HEALTH                                *
AND HUMAN SERVICES,                                *
                                                   *
          Respondent.                              *
*****************************************

Dorothy Thomas, College Station, TX, for petitioner (pro se).
Melonie J. McCall, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On March 11, 2012, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10-34 (2006), alleging that influenza vaccine administered on September 21, 2009 caused her vascular injury 22 days later. Petitioner was diagnosed with cerebrovascular accident or a hemorrhagic stroke.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

Although initially represented by counsel, petitioner was unable to find a medical expert to support her allegations, and her attorney moved to withdraw from representing her. On July 15, 2013, the undersigned issued an Order granting this motion and petitioner became pro se.

On September 4, 2013, the undersigned held a recorded telephonic status conference with petitioner's husband, Mark, and respondent's counsel. (Petitioner is too incapacitated to participate and may, under Court of Federal Claims Rule 83.1(a)(3), have an immediate family member represent her.) Mr. Thomas stated that he had been unable to find another attorney to represent his wife in this matter and that petitioner's medical records state that her history of smoking and her family history are probably the cause of her stroke. He moved to dismiss this case. The undersigned asked petitioner's husband if his wife agreed to his statement and he said that she did.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case.

## FACTS

Petitioner was born on December 21, 1953.

On September 21, 2009, she received flu vaccine. Med. recs. Ex. 4, at 1.

On October 13, 2009, twenty-two days after receiving flu vaccine, petitioner was brought to the St. Joseph's Regional Health Center Emergency Department. She was a Walgreens employee who had passed out in the Walgreens restroom at 6:00 p.m. She had right facial droop and right-sided weakness. A CT scan showed a large left basal ganglia hemorrhagic cerebrovascular accident (CVA). She had attendant right-sided hemiparesis, dysarthria, dysphagia, and elevated blood pressure of 200/100. Med. recs. Ex. 2, at 22. Her husband said petitioner had no significant health problems. Petitioner was a long-term smoker and had been trying to cut down over the last several months. Her family history was positive for CVA in petitioner's sister in her fifties and her mother in her nineties. Petitioner's father had a history of myocardial infarction. Petitioner smoked one to one-and-one-half packs of cigarettes per day. Id. Dr. Charles Cole suspected that petitioner had had chronic underlying hypertension which was undiagnosed. Med. recs. Ex. 2, at 24.

On April 19, 2010, petitioner saw Dr. C. Henry Prihoda at St. Joseph Regional Health Center, during which visit, Dr. Prihoda noted that petitioner had been smoking for 40 years. Med. recs. Ex. 2, at 29, 30.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a

2

showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Sec'y of HHS, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278. Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for flu vaccine, she would not have had a stroke, but also that the vaccine was a substantial factor in causing her stroke. Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999). Petitioner has failed to find a medical expert to opine that flu vaccine caused in fact her stroke. Her medical records ascribe her stroke to her family history (her sister and mother both had strokes; her father has a history of myocardial infarction), her 40-year smoking habit, and undiagnosed chronic hypertension.

The Vaccine Act does not permit the undersigned to rule in favor of petitioner based solely on her allegations unsupported by medical records or credible medical opinion. 42 U.S.C. § 300aa-13(a)(1). Petitioner has not filed medical records or a medical expert opinion to substantiate her allegations.

Petitioner has failed to make a prima facie case of causation in fact, and this petition is hereby **DISMISSED**.

## CONCLUSION

Petitioner's petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

_____                                    _____
DATE                                                                    Laura D. Millman
                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party's filing separately or jointly a notice renouncing the right to seek review.

3